IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DMITRIY STOLYARCHUK,

    Plaintiff,                       No. CIV-09-3070 LKK EFB PS

    vs.

AMTRUST BANK, et al.,

    Defendants.                   ORDER TO SHOW CAUSE
_____/

    This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 4, 2009, defendant AmTrust Bank removed this action from Sacramento Superior Court pursuant to 28 U.S.C. §§ 1441 and 1447 on the basis that plaintiff's complaint alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17, the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692, *et seq.*, and 15 U.S.C. § 1639(h). Dckt. No. 2 at 2. The notice of removal also states that AmTrust Bank "has yet to be properly served with the summons and complaint" and "has yet to be served with any proof of service on any other Defendant." *Id.* AmTrust attached to its notice of removal an unconformed copy of the state court summons. *Id.*, Ex. B.

    On November 5, 2009, the undersigned issued an order setting a status (pretrial) scheduling) conference for March 3, 2010 and directing the parties to file status reports at least

1

fourteen days prior to the conference (by February 17, 2010). Dckt. No. 4 at 2. The order cautioned the parties that failure to obey the Federal Rules, Local Rules, or orders of the court could result in sanctions, including a recommendation that the case be dismissed. The November 5, 2009 order was served on plaintiff and defendant AmTrust Bank.

The docket reveals that no status report has been filed, as required by the November 5, 2009 order. Therefore, the status (pretrial scheduling) conference will be continued and plaintiff and AmTrust Bank will be ordered to show cause why they should not be sanctioned for failing to comply with this obligation. *See* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* Local Rule 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Additionally, AmTrust Bank contends that it has not been properly served in this action. Dckt. No. 2 at 2. Pursuant to 28 U.S.C. § 1448, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Federal Rule of Civil Procedure 4(m) provides that "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Because the 120-day time limit runs from the date the notice of removal was filed in federal court, assuming that AmTrust Bank is correct that it

2

has not been properly served, the time limit for such service will expire on March 4, 2010. *See Giron v. Community Bridges, Inc.*, 2006 WL 2481268, at *1 (D. Ariz. Aug. 28, 2006). Plaintiff is notified that if AmTrust Bank and/or any of the other defendants named in plaintiff's complaint are not properly served by that date, the undersigned may recommend that those defendants be dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for March 3, 2010, is continued to May 19, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiff and defendant AmTrust Bank shall show cause, in writing, on or before May 5, 2010, why sanctions should not be imposed upon them for failure to file a status report in compliance with the court's November 5, 2009 order.

3. Also by May 5, 2010, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's November 5, 2009 order, including the status of service of process.

4. Failure of plaintiff or defendant AmTrust Bank to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: February 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE