IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DMITRIY STOLYARCHUK,

    Plaintiff,                         No. CIV-09-3070 LKK EFB PS

  vs.

AMTRUST BANK, et al.,

    Defendants.                    <u>ORDER AND</u>
                                      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 4, 2009, defendant AmTrust Bank removed this action from Sacramento Superior Court pursuant to 28 U.S.C. §§ 1441 and 1447 on the basis that plaintiff's complaint alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17, the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692, *et seq*., and 15 U.S.C. § 1639(h). Dckt. No. 2 at 2. The notice of removal also states that AmTrust Bank "has yet to be properly served with the summons and complaint" and "has yet to be served with any proof of service on any other Defendant." *Id.* AmTrust attached to its notice of removal an unconformed copy of the state court summons. Dckt. No. 2, Ex. B.

////

1

1    Also on November 5, 2009, the undersigned issued an order setting a status (pretrial
2 scheduling) conference for March 3, 2010 and directing the parties to file status reports at least
3 fourteen days prior to the conference (by February 17, 2010).  Dckt. No. 4 at 2.  The order
4 cautioned the parties that failure to obey the Federal Rules, Local Rules, or orders of the court
5 could result in sanctions, including a recommendation that the case be dismissed.  The
6 November 5, 2009 order was served on plaintiff and defendant AmTrust Bank.
7    On February 22, 2010, because the docket revealed that no status report had been filed in
8 this case, as required by the November 5, 2009 order, the undersigned continued the status
9 (pretrial scheduling) conference to May 19, 2010, and ordered plaintiff and AmTrust Bank to
10 show cause, on or before May 5, 2010, why they should not be sanctioned for failing to comply
11 with this obligation.  Dckt. No. 6 (citing Local Rule 110 ("Failure of counsel or of a party to
12 comply with these Rules or with any order of the Court may be grounds for imposition by the
13 Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
14 Court."); Local Rule 183 ("Any individual representing himself or herself without an attorney is
15 bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali
16 v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a
17 proper ground for dismissal.")).
18    The order further noted that AmTrust Bank contends that it has not been properly served
19 in this action.  *Id.* (citing Dckt. No. 2 at 2).  The order referred the parties to 28 U.S.C. § 1448,
20 which provides that "[i]n all cases removed from any State court to any district court of the
21 United States in which any one or more of the defendants has not been served with process or in
22 which the service has not been perfected prior to removal, or in which process served proves to
23 be defective, such process or service may be completed or new process issued in the same
24 manner as in cases originally filed in such district court," and Federal Rule of Civil Procedure
25 4(m), which provides that "[i]f a defendant is not served within 120 days after the complaint is
26 filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action

without prejudice against that defendant or order that service be made within a specified time." The order noted that "[b]ecause the 120-day time limit runs from the date the notice of removal was filed in federal court, assuming that AmTrust Bank is correct that it has not been properly served, the time limit for such service will expire on March 4, 2010." Dckt. No. 6 (citing *Giron v. Community Bridges, Inc.*, 2006 WL 2481268, at *1 (D. Ariz. Aug. 28, 2006)). The order further notified plaintiff that if AmTrust Bank and/or any of the other defendants named in plaintiff's complaint were not properly served by that date, the undersigned may recommend that those defendants be dismissed from this action. *Id.* Finally, the order stated that "[f]ailure of plaintiff or defendant AmTrust Bank to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)." *Id.*

On May 5, 2010, counsel for defendant AmTrust Bank filed a declaration stating that AmTrust Bank still has not been served with the summons and complaint.

Plaintiff has not filed a response to the order to show cause, has not filed a status report as required by the November 5, 2009 order, and has not demonstrated that he has properly served AmTrust Bank or any of the other defendants. In fact, plaintiff has not filed anything in this action since it was removed to this court in November 2009. Therefore, the undersigned will recommend that this case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The status (pretrial scheduling) conference currently set for hearing on May 19, 2010, is vacated;[1] and

2. The February 22, 2010 order to show cause is discharged.

////

---

[1] If the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4